IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:14-CV-391 |
| v. | ) ) | COMPLAINT |
| GENESIS HEALTHCARE, LLC, d/b/a MOUNT OLIVE CARE & REHABILITATION CENTER, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Margaret Washington ("Washington"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Genesis HealthCare, LLC, d/b/a Mount Olive Care & Rehabilitation Center ("Defendant"), discharged Washington from her position as an Assistant Cook/Assistant Dietary Aide because of her actual or perceived disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware limited liability company, has continuously been doing business in the State of North Carolina and the City of Mount Olive, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Washington filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about July 2013, Defendant engaged in unlawful employment practices at its facility located in Mount Olive, North Carolina, in violation of the ADA, when it discharged Washington because of her actual or perceived disability.

9. Washington has a physical impairment that limits her use of the left side of her body. She holds her left arm close to her body and has difficulty grasping, reaching, and performing manual tasks with her left arm and hand. Washington cannot pick up small objects with her left hand or make precise movement using the fingers of her left hand. When she walks, Washington has to think purposefully about moving her left leg and often feels as though she might lose her balance. She feels heaviness in her left leg when she stands or walks for long periods of time and experiences numbness in her leg if she sits for long periods of time. Washington's physical impairment substantially limits her in the major life activities of, among other things, performing manual tasks, reaching, walking, standing, and lifting.

10. On or about June 11, 2013, Defendant hired Washington to work as a full-time Assistant Cook/Assistant Dietary Aide at its facility located in Mount Olive, North Carolina.

11. Soon after Washington began working for Defendant, her supervisor approached her and asked what was wrong with her left arm. Washington explained to her supervisor that she did not have the full use of her left arm, but that she was still able to perform her job duties.

12. On or about July 5, 2013, Washington's supervisor informed Washington that she did not believe that Washington could perform her job duties without the full use of both arms. Defendant fired Washington on or about July 7, 2013.

13. At all relevant times, Washington was a qualified individual with a disability within the meaning of the ADA. Washington was performing her job duties as an Assistant Cook/Assistant Dietary Aide successfully at the time of her discharge. Defendant discharged Washington because of her disability.

14. At all relevant times, Defendant regarded Washington as disabled in that Defendant discharged Washington because of an actual or perceived impairment to her left arm.

15. The effect of the practices complained of above has been to deprive Washington of equal employment opportunities and otherwise adversely affect her employment status because of her actual or perceived disability.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Washington.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Washington whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Washington whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make Washington whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Washington punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 10th day of July, 2014.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NE
        Washington, DC 20507

        RANDALL HUGGINS
        Supervisory Trial Attorney

        /s/ Lynette A. Barnes
        LYNETTE A. BARNES
        Regional Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202

        /s/ Katherine A. Zimmerman
        KATHERINE A. ZIMMERMAN
        NC Bar No. 36393
        Trial Attorney
        Raleigh Area Office
        434 Fayetteville Street, Suite 700
        Raleigh, NC 27601
        Phone: (919) 856-4148
        Fax: (919) 856-4156
        katherine.zimmerman@eeoc.gov

        ATTORNEYS FOR PLAINTIFF