## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## CIVIL ACTION NO. 5:14-cv-00391

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **CONSENT DECREE** |
| SUNBRIDGE REGENCY-NORTH CAROLINA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(A) of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that the Defendant SunBridge Regency-North Carolina, Inc. d/b/a Mount Olive Care & Rehabilitation Center ("Defendant") discriminated against Margaret Washington in violation of the ADA when it discharged Washington from her position as an Assistant Cook/Assistant Dietary Aide because of her actual or perceived disability. Defendant denies that it discriminated against Washington in violation of the ADA. The Commission does not disavow the allegations in its complaint.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to provide a reasonable accommodation.

2.      Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.      Defendant shall pay Margaret Washington the sum of Thirty Five Thousand Dollars and No Cents ($35,000.00) in settlement of the claims raised in this action. Such payment shall be made and documented as follows:

(a)     A check in the amount of $6,883.47, less all applicable tax withholdings, payable to Margaret Washington for claims relating to alleged lost wages (reported on a Form W-2 in the ordinary course of the Mount Olive Center facility's business); and

(b)     A check in the amount of $28,116.53 payable to Margaret Washington for claims relating to her allegations that she has suffered non-wage related damages from same, (reported on a Form 1099);

Payment shall be made within thirty (30) days after the Court approves this Consent

2

Decree and Defendant shall mail the check to an address provided by the Commission. All payments will be reported by Defendant in accordance with the requirements of law. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Margaret Washington. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Margaret Washington may or may not incur on such payments under local, state and/or federal law.

4, Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Margaret Washington the "Employee Status Change Form dated 7/8/2013" indicating Margaret Washington's employment was terminated as well as any document that specifically references EEOC Charge Number 433-2013-02236 and/or EDNC Civil Action No. 5:14-CV-00391. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Defendant shall provide Margaret Washington with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Margaret Washington at an address provided by the Commission. Margaret Washington is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Margaret Washington from a potential employer, it will follow its policy, which is to direct the inquiring party to "The Work Number" (1-800-367-5690) upon which only Ms. Washington's dates of employment and position held will be verified.

6. During the term of this decree, Defendant shall post a copy of the attached Americans with Disabilities Act (ADA) policy, marked as Exhibit B, at its Mount Olive Center

3

facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees at its Mount Olive Center facility. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination based on disability. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Decree, in a place where it is visible to employees at its Mount Olive Center facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

4

9.    During the term of this Consent Decree, Defendant shall provide the Commission

with reports at six (6) month intervals, with the first being due four (4) months after approval by

the Court of this Decree. The reports will include the following information:

> A.    the identities of all individuals who have been denied hire, discharged, or
> otherwise disqualified from employment at Defendant's Mount Olive
> Center facility and who have a disability or physical impairment known to
> the employer, including by way of identification each person's name,
> address, telephone number, and position;
>
> B.    for each individual identified in 9.A. above, a detailed statement explaining
> why the individual was denied hire, discharged, or otherwise disqualified
> from employment;
>
> C.    the identities of all applicants or employees who have requested an
> accommodation for a physical or mental impairment at Defendant's Mount
> Olive Center facility, including by way of identification each person's
> name, address, telephone number, and position;
>
> D.    for each individual identified in 9.C. above, identify the specific
> accommodation requested, the date of the requested accommodation, and
> Defendant's response to the request;
>
> E.    for each individual identified in 9.C. above, explain whether the
> individual's employment status has changed in any respect (for example,
> including but not limited to, termination, firing, demotion, promotion, or to
> part-time from full-time) after the individual's request for an
> accommodation;
>
> F.    for each individual whose employment status has changed as identified in
> 9.E. above, a detailed statement explaining why the individual's
> employment status has changed; and
>
> G.    for each individual identified in 9.A. and 9.C. above, Defendant shall
> provide the Commission with the individual's social security number upon
> the request of the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send

the Commission a "negative" report indicating no activity.

10.    The Commission may review compliance with this Decree. As part of such

5

review, the Commission may inspect Defendant's Mount Olive Center facility, interview employees and examine and copy documents. The Commission may inspect Defendant's Mount Olive Center facility for the purpose of ensuring compliance with all posting provisions in this Decree without notice. If the Commission intends to interview employees and examine and copy documents, the Commission will provide three (3) business days' notice via email to: Allison E. Serafin, Jackson Lewis, P.C., allison.serafin@jacksonlewis.com.

11.     If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant via email to: Allison E. Serafin, Jackson Lewis, P.C., allison.serafin@jacksonlewis.com. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12.     The term of this Decree shall be for two (2) years from its entry by the Court.

13.     All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202.

14.     Each party shall bear its own costs and attorney's fees.

15.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The parties agree that within ten (10) days after the entry of this Decree by the Court, the EEOC

6

will file a Joint Stipulation of Dismissal with the Court.

September 10, 2014

_James C. Fox_
James C. Fox
Senior United States District Judge

7

August 25, 2014

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Margaret Washington.

Ms. Washington was employed by SunBridge Regency-North Carolina, Inc. from June 11, 2013 to January 2, 2014. During her tenure with us, Ms. Washington held the position of Assistant Cook. Her ending salary was $7.50 per hour. Inquiries regarding Ms. Washington's employment should be directed to "The Work Number" 1 (800) 367-5690.

The Company valued Ms. Washington's services to the Company and wishes her well in her future endeavors.

We hope that this information about Ms. Washington is helpful to you in considering her for employment.

Sincerely,

Lesa Reeves

Lesa Reeves
Regional Human Resources Manager



EXHIBIT
B

# EXPECTING EXCELLENCE
## Understanding our mutual commitments...

## Company-wide Commitments

### *Equal Employment Opportunity (EEO)*

At Genesis, it is our policy is to provide equal employment opportunities to all employees and applicants for employment based on qualifications, abilities and merit. The leadership of Genesis strongly believes that effective working relationships between employees must be based upon mutual respect. We prohibit any discrimination based on an employee's race, color, religion, gender, sexual orientation, national origin, age, disability, marital status, genetic information, amnesty or status as covered veterans in accordance with federal, state and local laws.

In that regard, you should know:

- Employment decisions will be made without regard to race, color, religion, gender, sexual orientation, national origin, age, disability, marital status, genetic information, amnesty or status as covered veterans in accordance with federal, state and local laws

- Genesis takes affirmative action to employ and advance in employment qualified minorities, women, individuals with disabilities and covered veterans. This policy of affirmative action is fully supported by the CEO and all members of the leadership team.

- Our EEO policy applies to all terms and conditions of employment including, but not limited to, recruiting, hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, benefits and training programs

- Questions or concerns about discrimination, or the fairness of an employment practice at your worksite, should be reported to your immediate supervisor or your Division Human Resources Manager without fear of retaliation

- All complaints of discrimination will be investigated and appropriate action taken

## Statement on Discrimination and Harassment

Discrimination and harassment of any patients, residents, applicants, employees, visitors, vendors or volunteers is strictly prohibited. This includes conduct that offends an individual based on his/her race, color, religion, creed, age, national origin, ancestry, citizenship, physical or mental disability, medical condition, marital status, sexual orientation or military/veteran status.

Harassment includes, but is not limited to:

- Slurs, threats, insults, unwelcome jokes, teasing or other similar verbal, visual or physical conduct

Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature also constitute harassment, especially when:

- Submitting to such conduct is made either explicitly or implicitly a term or condition of an individual's employment,
- Submitting to or rejecting such conduct is used as the basis for employment decisions affecting the individual, or
- Such conduct has the purpose or effect of substantially interfering with an individual's work performance, and/or creating an intimidating, hostile or offensive working environment.

If you feel you are a victim of discrimination or harassment, or have witnessed any act of discrimination or harassment toward a patient, resident, employee, visitor, vendor or volunteer, you must promptly report it through the Company's Problem Resolution Procedure, described on page 15 of your this Handbook.

## Accommodations for Religious Observance

Genesis is proud of its diversified workforce and will make reasonable accommodations for religious observance. Safety and impact on patient and resident care and well being is paramount and will therefore receive significant consideration when evaluating an accommodation request and identifying opportunities to meet the request. If you would like to request an accommodation, please consult your supervisor or use the Company's Problem Resolution Procedure, described on page 15 of this Handbook.

## Disability Accommodations

Genesis is committed to complying fully with the Americans with Disabilities Act (ADA), ADA Amendments Act, Section 504 of the Rehabilitation Act of 1973 and ensuring equal opportunity in employment for qualified persons with disabilities. All employment practices are conducted on a non-discriminatory basis in accordance with ADA and all other applicable federal, state and local laws. If you would like to request an accommodation, please consult your supervisor, Division HR Manager/Director or use the Company's Problem Resolution Procedure, described on page 15 of your Employee Handbook.



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and SunBridge Regency-North Carolina, Inc. in a case of discrimination based on disability. Specifically, the EEOC alleged that SunBridge Regency-North Carolina, Inc. discriminated against Margaret Washington when it discharged her because of her actual or perceived disability in violation of the Americans with Disabilities Act (ADA). As part of the resolution of this matter, SunBridge Regency-North Carolina, Inc. agreed to take certain action set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.

3.  SunBridge Regency-North Carolina, Inc. will comply with such federal law in all respects. Furthermore, SunBridge Regency-North Carolina, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2016.

EXHIBIT C